# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE:

ACCESS 4 ALL INCORPORATED
and JUAN CARLOS GIL,

    Plaintiff,

v.

BRAVIN CORPORATION and
JACALITO TACQUERIA 2, INC.,

    Defendants.

_____/

## COMPLAINT

Plaintiffs, ACCESS 4 ALL INCORPORATED and JUAN CARLOS GIL, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiffs"), sues BRAVIN CORPORATION and JACALITO TACQUERIA 2, INC. (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, JUAN CARLOS GIL, is an individual over eighteen years of age, with a

residence in Miami-Dade County, Florida, and is otherwise *sui juris*.

5. Plaintiff, ACCESS 4 ALL INCORPORATED, is a Florida Not for Profit Corporation, formed under the laws of the State of Florida, and maintains its principal office at Torrence, California.

6. At all times material, Defendant, BRAVIN CORPORATION, owned and operated a commercial retail center located at 25 NW 27th Avenue, Miami, Florida 33125 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.

7. At all times material, Defendant, BRAVIN CORPORATION, was and is a Florida Profit Corporation, incorporated under the laws of the State of Florida, with its principal place of business in Miami, Florida.

8. At all times material, Defendant, JACALITO TACQUERIA 2, INC., owned and operated a commercial restaurant at 33 NW 27th Avenue, Miami, Florida 33125[1] (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida. Defendant, JACALITO TACQUERIA 2, INC., holds itself out to the public as "Jacalito Mexican Restaurant."

9. At all times material, Defendant, JACALITO TACQUERIA 2, INC., was and is a Florida Profit Corporation, incorporated under the laws of the State of Florida, with its principal place of business in Miami, Florida.

10. Venue is properly located in the Southern District of Florida because Defendants' Commercial Property is located in Miami-Dade County, Florida, Defendants regularly conduct

---

[1] This address is located within the commercial retail center located at 25 NW 27th Avenue, Miami, Florida 33125 owned and operated by landlord Defendant, BRAVIN CORPORATION.

business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

11. Although over twenty-eight (28) years have passed since the effective date of Title III of the ADA, Defendants have yet to make its facilities accessible to individuals with disabilities.

12. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' businesses and properties.

13. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance

14. Plaintiff, JUAN CARLOS GIL, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, JUAN CARLOS GIL, is substantially limited in major life activities due to his impairment and requires the use of a wheelchair to ambulate. Plaintiff, JUAN CARLOS GIL, is also a member of the Plaintiffs organization, ACCESS 4 ALL INCORPORATED, discussed below.

15. Defendant, BRAVIN CORPORATION, owns, operates and oversees the Commercial Property, its general parking lot and parking spots.

16. The subject Commercial Property is open to the public and is located in Miami, Miami-Dade County, Florida.

17. The individual Plaintiff visits the Commercial Property and businesses located

within the Commercial Property, regularly, to include visits to the Commercial Property and businesses located within the Commercial Property on or about August 18, 2021 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property and businesses located therein. He often visits the Commercial Property and businesses located within the Commercial Property in order to avail himself of the goods and services offered there, to perform services including but not limited to recruitment of new members on behalf of ACCESS 4 ALL INCORPORATED, because it is approximately two (2) miles from his residence, and is near other businesses and restaurants he frequents as a patron. He plans to return to the Commercial Property and the businesses located within the Commercial Property within two (2) months of the filing of this Complaint, specifically on or before December 14, 2021.

18. Plaintiff resides nearby in the same County and state as the Commercial Property and the businesses located within the Commercial Property, has regularly frequented the Defendants' Commercial Property and the businesses located within the Commercial Property for the intended purposes because of the proximity to his residence and other businesses that he frequents as a patron, and intends to return to the Commercial Property and businesses located within the Commercial Property within two (2) months from the filing of this Complaint, specifically on or before December 14, 2021.

19. The Plaintiff found the Commercial Property, and the businesses located within the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property, and businesses located within the Commercial Property and wishes to continue his patronage and use of each of the premises.

20. Plaintiff, ACCESS 4 ALL INCORPORATED, is a not-for-profit Florida corporation. Members of this organization include individuals with disabilities as defined by

the ADA, and are representative of a cross-section of the disabilities protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. Plaintiff, ACCESS 4 ALL INCORPORATED, and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow him or her to bring suit in his or her own right. Plaintiff, JUAN CARLOS GIL, has also been discriminated against because of its association with its disabled members and their claims.

21. The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and businesses located within the Commercial Property. The barriers to access at the Commercial Property, and the businesses located within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property, and businesses located within the Commercial Property, and have endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, JUAN CARLOS GIL, and others similarly situated.

22. Defendants, BRAVIN CORPORATION and JACALITO TACQUERIA 2, INC., own and/or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants, BRAVIN CORPORATION and JACALITO TACQUERIA 2, INC., are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants, BRAVIN CORPORATION and JACALITO TACQUERIA 2, INC., own and operate the Commercial Property Business located

at 25 NW 27th Avenue, Miami, Florida 33125.

23. Plaintiffs, ACCESS 4 ALL INCORPORATED and JUAN CARLOS GIL, have a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the businesses located within the Commercial Property, including but not necessarily limited to the allegations in Counts I and II of this Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and businesses located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses located therein, not only to avail himself of the goods and services available at the Commercial Property, and businesses located within the Commercial Property, but to assure himself that the Commercial Property and businesses located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses located within the Commercial Property without fear of discrimination.

24. Defendant, BRAVIN CORPORATION , as landlord and owner of the Commercial Property Business, is responsible for all ADA violations listed in Counts I and II.

25. Plaintiff, JUAN CARLOS GIL, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and businesses located within the Commercial Property, but not necessarily limited to the allegations in Counts I and II of this Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and businesses within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses within the Commercial Property, not only

to avail himself of the goods and services available at the Commercial Property and businesses located within the Commercial Property, but to assure himself that the Commercial Property, and businesses located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses located within the Commercial Property without fear of discrimination.

26. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and businesses located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I – ADA VIOLATIONS
## AS TO BRAVIN CORPORATION

27. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 26 above as though fully set forth herein.

28. Defendant, BRAVIN CORPORATION, has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. Parking

i. Parking at the plaza is improperly marked and lacks a compliant access aisle preventing Mr. Gil's safe unloading from vehicles violating 2010 ADAS Section 502.

ii. Parking identification signage is improperly located preventing Mr. Gil finding the space from a vehicle. It is obstructed by overhangs violating 2010 ADAS Section 502.

B. Entrance Access and Path of Travel

 i. Narrow paths and cross slopes on walkways impede Mr. Gil's path of travel to enter tenant spaces from parking, sidewalks and public transit violating the ADAAG and 2010 ADAS Sections 304, 402 and 403 where the solution is readily achievable.

## COUNT II – ADA VIOLATIONS
## AS TO BRAVIN CORPORATION AND JACALITO TACQUERIA 2, INC.

29. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 26 above as though fully set forth herein.

30. Defendants, BRAVIN CORPORATION and JACALITO TACQUERIA 2, INC., have discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

 A. Access to Goods and Services

i. El Jacalito Restaurant fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements required to be accessible and usable by persons with disabilities violating Section 36.211 of the ADAAG and the 2010 ADA Standards.

ii. Outdoor dining surfaces at El Jacalito Restaurant are inaccessible. Excessive height and toe obstructions prevent Mr. Gil's use violating the ADAAG and 2010 ADAS.

 B. Public Restrooms

i. El Jacalito restroom grab bars improper. Rear grab bar is < 36" and obstructed by an odor elimination device and side grab bar fails to extend 54" the rear wall violating ADAAG Section 4.16 and 2010 ADAS Section 604.

ii. The wall hung type urinal in the restroom was not accessible to Mr. Gil, as the height of its rim was 27" AFF in violation of Section 605 of the 2010 ADAS.

iii. The water closet centerline is > 20" from side wall violating 2010 ADAS Section 604.

iv. Mr. Gil was unable to safely use the water closet with the flush control mounted on the wall side, in violation of the ADAAG and Section 604 of the 2010 ADAS.

v. Lavatory drainpipes lack insulation per the ADAAG and 2010 ADAS Section 606.

## RELIEF SOUGHT AND THE BASIS

31. The discriminatory violations described in Counts I and II are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, JUAN CARLOS GIL, from further ingress, use, and equal enjoyment of the Commercial Business and businesses located within the Commercial Property; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. A complete list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

32. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' buildings, businesses and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual

Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

33. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

34. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

35. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such

discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

36. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

37. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located at and/or within the commercial property located at 25 NW 27th Avenue, Miami, Florida 33125, the exterior areas, and the common exterior areas of the Commercial Property and businesses located within the Commercial Property, to make those facilities readily accessible and useable to The Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, The Plaintiffs, ACCESS 4 ALL INCORPORATED and JUAN CARLOS GIL, respectfully request that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered

goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: October 15, 2021.

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 S.W. 74th Court
Miami, Florida 33155
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com
　　　　　　　　　dperaza@lawgmp.com

By: ___/s/ *Anthony J. Perez*_____
　　ANTHONY J. PEREZ
　　Florida Bar No.: 535451
　　BEVERLY VIRUES
　　Florida Bar No.: 123713